UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES JONES, <br><br> Plaintiff, <br><br> v. <br><br> ZOREANE, WELLPATH NURSING STAFF, ST. JOSEPH COUNTY JAIL ADMIN, and BETH SHARP, <br><br> Defendants. | CAUSE NO. 3:23-CV-623-JD-JEM |

OPINION AND ORDER

James Jones, a prisoner without a lawyer, filed a complaint that the court determined contained two unrelated claims: one relating to a time when Nurse Zoreane at the St. Joseph County Jail allegedly slammed a food slot in his face, and the second relating to being given the wrong medication. ECF 10. He was instructed to choose which claim he wished to pursue in this case and file an amended complaint containing only that claim. *Id.* He was advised that if he did not respond by the deadline, the court would choose for him. *Id.* He has not responded, and so the court will proceed to choose a claim for this lawsuit. The remaining claim will be dismissed without prejudice. Jones may assert that claim in a separate lawsuit if he wishes, subject to the usual constraints of the Prisoner Litigation Reform Act.

The court will screen the claim related to the alleged use of excessive force by Nurse Zoreane in May 2023. ECF 1, 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jones alleges that when he was a pretrial detainee at the St. Joseph County Jail in May 2023, Nurse Zoreane slammed the food slot in his face, injuring his right cheek. ECF 6 at 2. He wants compensation for this injury.

As a pretrial detainee, Jones' rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). However, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must provide evidence that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

The allegations do not plausibly allege that Nurse Zoreane used excessive force against him. The complaint does not explain the circumstances surrounding when she slammed the food slot closed. Thus, although it can be inferred that she purposefully

closed the food slot, there is no indication that she knew doing so would cause the food slot to come into contact with or otherwise harm Jones. The act of closing a food slot does not, on its own, suggest that it would cause harm.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Jones also seeks to hold Deputy Beth Sharp liable for his injuries, but he does not say how she was involved in the event. A suit under 42 U.S.C. § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). Without any link between Deputy Sharp and the alleged use of force, she cannot be held liable.

3

This complaint does not state a claim for which relief can be granted. If Jones believes he can state a claim based on (and consistent with) the claim related to his injury from the food slot in May 2023, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the claim regarding being given the wrong medication at the St. Joseph County Jail in May 2023;

(2) GRANTS James Jones until **December 18, 2023**, to file an amended complaint; and

(3) CAUTIONS James Jones if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 13, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT